98   105
a205s  281

## John Stott v. City of Chicago et al.

1. Civil Service Act—*Sufficiency of a Plea to a Petition for a Writ of Mandamus.*—Under the civil service act (Laws 1895, p. 85) a plea to a petition for a writ of mandamus to compel the mayor and the superintendent of police to place the name of the petitioner upon the pay-roll, setting up that the relator had never been certified under such act, and that he had been discharged from the service, is a good plea and constitutes a sufficient answer to a petition which seeks to compel the placing of his name upon the pay-roll.

**Mandamus,** to compel the mayor and superintendent of police to place the name of the petitioner upon the pay-roll. Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed November 7, 1901.

**Statement.**—Appellant filed his petition in the Superior Court, praying for the issuing of a writ of mandamus to compel the mayor and the superintendent of police of the city of Chicago to place the name of the petitioner upon the police pay-roll of said city. The petition sets up in effect that petitioner had passed an examination under the provisions of the civil service act, and had been given 100 upon a scale of 100 as indicating his qualification; that by reason of such examination and by reason of prior military service, petitioner was entitled "to stand at the head of eligibles for appointment upon the police force of said city;" that at the time of taking such examination and for a long time prior thereto, since December 1, 1890, petitioner was a duly appointed police patrolman of said city; that on March 14, 1898, the then superintendent of police of said city wrongfully caused petitioner's name to be dropped from the police pay-roll of said city; and that by reason thereof petitioner has been unable since March 4, 1898, to obtain payment of his salary as police patrolman. The petition also sets up various appropriations by the city council for the payment of salaries of police patrolmen.

The respondents filed pleas by which several defenses were set up. Demurrers were sustained to all of their pleas

except the third, and as to that plea the demurrer was overruled. The petitioner thereupon elected to stand by his demurrer to the third plea, and the petition was dismissed at his costs.

The third plea sets up that petitioner was dismissed from the police force of the city of Chicago by the respondent, the superintendent of police, for the reason that in the judgment of his superior officers petitioner was inefficient, and because the lack of sufficient appropriations for payment of salaries to police patrolmen made the discharge of some patrolmen necessary. The plea also avers that the petitioner has never been certified for appointment by the civil service commission of the city of Chicago. This appeal is from the judgment dismissing the petition at the relator's costs.

W. P. BLACK and A. B. CHILCOAT, attorneys for appellant.

CHARLES M. WALKER, Corporation Counsel, and ROSWELL B. MASON, Assistant Corporation Counsel, attorneys for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

The only question presented upon this appeal is as to the sufficiency of the third plea. The petition does not allege that petitioner has ever been appointed police patrolman under the provisions of the civil service act (Hurd's Statutes, 1899, 351), but merely that he was, by reason of an examination and prior military service, at the head of the list of eligibles. The plea does aver that petitioner has never received any such appointment under the civil service act.

In McNeil v. City, 93 Ill. App. 124, which was also a proceeding for mandamus, the petition alleged that the relator there had never been discharged from his position as a police patrolman, but that his name had been wrongfully dropped from the pay-roll. The petitioner in that case, as here, was holding a position as a police officer when

the civil service act first became operative. We held in that case that inasmuch as the petitioner was not an appointee under the civil service act, but was what is termed a "hold-over," he was subject to removal without reference to the provisions of the civil service act; but we held also that inasmuch as the petition there alleged that the petitioner had not in fact been discharged, but merely wrongfully dropped from the pay-roll, the petition was good upon demurrer.

In this case, as in the McNeil case, the petition alleges that petitioner is a "hold-over," and here, as there, the allegation is that he has not been discharged, but simply dropped from the pay-roll. But here there is a plea to the petition, and the plea avers that the petitioner has been discharged, and it seeks to justify the discharge. The judgment here resulted upon the overruling of a demurrer to this plea. We are of opinion that the plea is good.

Relator, as a "hold-over," was not within the protection afforded by section 12 of the civil service act, which regulates the manner of discharge of persons holding as appointees under the act.

The plea setting up that relator has never been certified under the civil service act, and that he had been discharged from the service, was a good plea and constituted a sufficient answer to the petition, which sought to compel the placing of his name upon the pay-roll. McNeil v. City, *supra.*

But it is contended by the learned counsel for appellant that even if the relator was not within the provision of section 12 of the civil service act, yet under the provision of Sec. 7, Art. 2, of Chap. 24, R. S., the third plea did not aver a sufficient discharge of the relator. But section 7, relied upon, does not apply to any other than city officers appointed by the mayor. It is unnecessary to determine whether a police patrolman is such an officer as is contemplated by this section, for the petition does not allege the manner of the relator's appointment. It in no way appears from anything contained in the petition that he was a

city officer appointed by the mayor. If we look to the city ordinances of the city of Chicago in force at the time when the petition alleges that relator was appointed, we would find they provided that police patrolmen should be appointed by the superintendent of police. These ordinances are not pleaded, however, and it is sufficient to say, without any reference to their provisions, that the petition fails, by its allegations, to bring the relator within the operation of the statute relied upon.

We are of opinion that the third plea was a sufficient answer to the petition, and that the learned trial court was right in overruling demurrer to that plea.

Judgment is affirmed.